# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ADAM HEDRICK,<br><br>                Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**FDCPA, 15 U.S.C.§1692 et seq.** |

Plaintiff Adam Hedrick ("Plaintiff"), by and through the undersigned counsel, alleges that Defendant Midland Credit Management, Inc. ("Midland") has violated his rights as provided by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

## INTRODUCTION

1. This is an FDCPA action brought by a consumer alleging statutory damages, actual damages, and additional damages as the Court may allow based upon violations of 15 U.S.C. §§ 1692e(2)(A), e(5), e(10) and f, plus attorneys' fees and costs. The FDCPA prohibits debt collectors from engaging in abusive, misleading/deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. The Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

4. Venue is also proper in this District because Plaintiff resides within this District and Defendant transacts business here.

## PARTIES

5. Plaintiff is natural persons obligated or allegedly obligated to pay any debt. Plaintiff is therefore a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3). Plaintiff resides in Hermitage, Tennessee.

6. Defendant Midland Credit Management, Inc. is a debt collector that regularly conducts business in Tennessee on a routine and systematic basis. Defendant Midland Credit Management, Inc. is located at 350 Camino De La Reina, Suite 300, San Diego, CA 92108, and can be served at 5100 Poplar Ave, Ste 2000, Memphis, TN 38137-2000.

7. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is therefore a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendant regularly uses the telephone and mail to engage in the business of collecting debts and/or alleged debts from consumers in Tennessee.

8. Any violations by Defendant as set forth in this Complaint were knowing and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

9. During all times pertinent to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant regularly engages in the collection or attempted collection of consumer debts owed to others.

11. Defendant's primary business function is debt collection.

12. On or about April 6, 2018, Plaintiff opened a Comenity/Kay Jewelers Account, number 778850XXXXXXXXXX ("Account").

### Plaintiff Orders a Ring from Kay Jewelers

13. On or about June 9, 2022, Plaintiff ordered a ring (the "Ring") from Kay Jewelers and used his Kay Jewelers credit card to place the order.

14. Comenity Bank is the issuer of Plaintiff's Kay Jewelers credit card.

15. Shortly thereafter, on or about June 16, 2022, Plaintiff had a change of plans and canceled the Ring order with Kay Jewelers.

16. That same day, Plaintiff received a confirmation email from Kay Jewelers stating that the order was cancelled, and his refund would be processed within 5-7 business days.

### Plaintiff Receives a Bill from Comenity Bank

17. In or around July 2022, Plaintiff received a billing statement (the "Bill") from Comenity Bank. The charge for the Ring was in the statement and had not been reversed.

18. Plaintiff was confused when he received the Bill as he had cancelled his order for the Ring and had received confirmation of the cancellation.

### Plaintiff Contacts Comenity Bank and Key Jewelers

19. Shortly after receiving the Bill, Plaintiff contacted Comenity Bank and Kay Jewelers to resolve the issue.

20. Plaintiff was informed by the Kay Jewelers and Comenity Bank representatives that Plaintiff had received the Bill due to a clerical error. The representatives further assured Plaintiff that they would investigate and resolve the issue.

3

21. The representatives also assured Plaintiff his Plaintiff's Comenity Bank/Kay Jewelers Account, Account No. 778850XXXXXXXXXX (the "Account"), would not be reported as delinquent while it was under investigation.

22. On or about September 22, 2022, Plaintiff received a letter from Comenity Bank, dated September 18, 2022, stating that it was investigating Plaintiff's claim. Plaintiff was further advised the investigation would be completed in approximately 90 days (about 3 months).

23. In or around December 2022, approximately 90-days after speaking with the Kay Jewelers and Comenity Bank representatives, Plaintiff reached out for a second time as he was still receiving billing statements for payment of the Ring.

24. The representatives again assured Plaintiff the issue would be resolved; that he did not owe money for the Ring; and had nothing to worry about.

25. Plaintiff never received the Ring and therefore is not liable for any debt for the Ring on the Account.

**Defendant Tries to Collect from Plaintiff in July 2023**

26. Upon information and belief, sometime in 2023, Comenity hired Midland to help it pursue action to collect on the Account.

27. On or about July 28, 2023, on Comenity's behalf, Midland emailed Plaintiff to collect on the Account (the "July Email").

28. Comenity had already verified Plaintiff did not owe money for the Ring before the July Email was sent.

29. In the July Email, Defendant indicated Plaintiff owed $1,843.70 for the Ring.

30. Defendant knew or should have known that Plaintiff never received the Ring and therefore, Plaintiff did not owe Comenity any money.

### Defendant Tries to Collect from Plaintiff on October 4, 2023

31. On or about October 4, 2023, on Comenity's behalf, Midland sent a letter to Plaintiff to collect on the Account (the "October 4, Letter").

32. In the October 4, Letter, Defendant again indicated Plaintiff owed $1,843.70 for the Ring and asked for payment no later than October 19, 2023.

33. The October 4, Letter also stated it was a "Pre-Legal Notification" implying to Plaintiff it had the right to pursue legal action against him for a debt he does not owe.

34. Defendant knew or should have known that Plaintiff never received the Ring and therefore, Plaintiff did not owe Comenity any money.

### Defendant Tries to Collect from Plaintiff on October 25, 2023

35. On or about October 25, 2023, on Comenity's behalf, Midland sent a letter to Plaintiff to collect on the Account (the "October 25, Letter").

36. In the October 25, Letter, Defendant again indicated Plaintiff owed $1,843.70 for the Ring and asked for payment no later than November 24, 2023.

37. The October 25, Letter also stated it was a "Pre-Legal Notification" implying to Plaintiff it had the right to pursue legal action against him for a debt he does not owe.

38. The October 25, Letter also explicitly stated that if it did not receive a payment from Plaintiff by November 24, 2023, it would proceed with forwarding his account to an attorney.

39. Defendant knew or should have known that Plaintiff never received the Ring and therefore, Plaintiff did not owe Comenity any money.

40. Shortly thereafter, on or about October 26, 2023, and on or about November 30, 2023, on Comenity's behalf, Midland emailed Plaintiff for a second time to collect on the Account (the "Emails").

41. In the Emails, Defendant implied it has the right to collect $1,843.79 from Plaintiff for the Ring, and also indicated the Emails were pre-legal notices.

42. Defendant has also called Plaintiff on at least ten occasions attempting to collect from Plaintiff.

43. Defendant's collection of an amount that was not owed by Plaintiff was deceptive, misleading, unfair, unconscionable, and violated numerous provisions of the FDCPA.

44. Defendant's collection attempts on Plaintiff despite Plaintiff not owing the debt were an action that could not legally be taken against Plaintiff.

45. Plaintiff was shocked and confused when Midland repeatedly tried to collect money for a ring he never received.

46. As a direct result of Defendant's actions, Plaintiff has suffered interference with daily activities and emotional distress, including, without limitation, emotional and mental anguish, loss of sleep, reputational harm, violation of privacy, humiliation, stress, anger, frustration, shock, embarrassment, and anxiety.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A); § 1692e(5)

47. Plaintiff incorporates by reference all of the above factual allegations of this Complaint as though fully stated herein.

48. The FDCPA is a comprehensive regulatory scheme that Congress enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. §§ 1692(a), (e).

49. When Congress enacted the FDCPA in 1977, Congress found that abusive debt collection practices harmed consumers by, among other things, increasing personal bankruptcy, marital instability, loss of employment, and invasion of privacy.

50. Defendant's misconduct was deliberately false, deceptive, misleading, unfair, unconscionable, and coercive, and resulted in the unlawful extraction of money from Plaintiff.

51. Upon information and belief, Defendant utilizes these false, deceptive, misleading, unfair, unconscionable, and coercive tactics as a matter of course when attempting to collect debts from consumers such as Plaintiff, despite the fact that Defendant knows or should know that the debt has been paid off.

52. Defendant's misconduct violated 15 U.S.C. § 1692e(5) by taking action that could not legally be taken against Plaintiff for the paid debt.

53. In this case, Plaintiff did not owe the debt that Defendant attempted to collect.

54. Defendant's misconduct was intentional. Defendant does not maintain procedures reasonably adapted to avoid such conduct, but rather intends the conduct.

55. Defendant also violated § 1692e(2)(A) of the FDCPA by misrepresenting the legal status of the alleged debt that Defendant unlawfully attempted to collect from Plaintiff.

56. Defendant's misrepresentations were made knowingly and with the intent to deceive and coerce the least sophisticated consumer. 15 U.S.C. 1692e(2)(A).

57. Defendant's misconduct was done intentionally with the purpose of coercing Plaintiff to pay an alleged debt that was not owed.

58. Defendant's misconduct also constituted false, deceptive, or misleading representations or means used by Defendant in connection with the collection of a debt.

7

Case 3:24-cv-00033   Document 1   Filed 01/09/24   Page 7 of 10 PageID #: 7

59. As a result of the foregoing violations of the FDCPA, Plaintiff suffered injuries in fact, including but not limited to extreme emotional distress, embarrassment, humiliation, frustration, lost sleep, loss of time and need to hire counsel, and interference with usual activities.

60. Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

61. Plaintiff incorporates by reference all of the above factual allegations of this Complaint as though fully stated herein.

62. Defendant's misconduct further violated 15 U.S.C. § 1692e(10) by making false and deceptive misrepresentations in the collection of the Account.

63. Plaintiff never received the Ring and therefore did not owe a debt on the Ring. Defendant could not legally collect the debt from Plaintiff.

64. Despite not owing the debt, Defendant represented to the Plaintiff it had the potential to take legal action.

65. Defendant's representations were made knowingly and with the intent to deceive and coerce the least sophisticated consumer.

66. Defendant's misconduct involved false, deceptive, or misleading representations or means used by Defendant in connection with the collection of a debt.

67. As a result of the foregoing violations of the FDCPA, Plaintiff suffered injuries in fact, including emotional distress, embarrassment, humiliation, frustration, lost sleep, and interference with usual activities.

68. Accordingly, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees.

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

69. Plaintiff incorporates by reference all of the above factual allegations of this Complaint as though fully stated herein.

70. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect a debt.

71. Defendant's unfair and unconscionable means include, without limitation:

   a. Collecting a debt from Plaintiff that was not owed; and was therefore not due and owing or legally collectible;

   b. Attempting to coerce, pressure and/or deceive Plaintiff into paying money that Plaintiff did not in fact owe; and

72. Defendant's actions and statements were false, deceptive, or misleading representations or means used in connection with the collection of a debt.

73. As a result of the foregoing violations of the FDCPA, Plaintiff suffered injuries in fact, including emotional distress, embarrassment, humiliation, frustration, lost sleep, and interference with usual activities.

74. Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully request that judgment be entered against Defendant for the following:

   A. Declaratory judgment that Defendant violated the FDCPA;

   B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C. Injunctive relief prohibiting Defendant's continued abusive debt collection conduct in violation of the FDCPA;

D. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

F. Any pre-judgment and post-judgment interest as may be allowed under the law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial on all issues so triable.

RESPECTFULLY SUBMITTED, this 9th day of January 2024.

By: */s/ Christopher Kim Thompson*
Christopher Kim Thompson
Bar #015895
**Thompson Law**
4525 Harding Pike, Suite 203
Nashville, TN 37205
T: 615-832-2335
E: kim@thompsonslawoffice.com

*Attorney for Plaintiff*
*Adam Hedrick*